# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-00191-APG |
| Plaintiff | **ORDER DENYING MOTION TO VACATE** |
| v. | [ECF No. 58] |
| RANDY HUMPHREY, | |
| Defendant | |

Defendant Randy Humphrey pleaded guilty to a Hobbs Act robbery and to brandishing a firearm during and in relation to a crime of violence (the robbery). He moves under 28 U.S.C. § 2255 to vacate or set aside his firearm conviction and sentence. ECF No. 58. He contends that under *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), his Hobbs Act robbery cannot be a crime of violence supporting his firearm conviction under 18 U.S.C. § 924(c). The Ninth Circuit recently reaffirmed that a "Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)." *United States v. Dominguez*, No. 14-10268, 2020 WL 1684084, at *2 (9th Cir. Apr. 7, 2020). Therefore, I deny Humphrey's motion.

## Background

In June 2018, Humphrey entered into a written agreement to plead guilty to a three-count superseding criminal information. *See* ECF No. 46. That superseding information charged that in July 2017:

(1) Humphrey and others conspired to interfere with commerce by robbery (Hobbs Act robbery) in violation of 18 U.S.C. §1951;

(2) Humphrey committed a Hobbs Act robbery in violation of 18 U.S.C. §1951 and 2; and

(3) During the crime of violence alleged in Count 2, Humphrey brandished a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2.

ECF No. 44. Humphrey waived his right to appeal any sentence imposed that is within or below the applicable Sentencing Guideline range. ECF No. 46. He also "knowingly and expressly waive[d] all collateral challenges, including any claims under 28 U.S.C. §2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel. *Id.*

On June 21, 2018, Humphrey pleaded guilty consistent with the plea agreement. ECF No. 48. In October 2018, I sentenced Humphrey to concurrent terms of 36 months of imprisonment on Counts 1 and 2, and a consecutive term of 84 months of imprisonment on Count 3, for a total term 120 months in prison. ECF No. 56. This sentence did not exceed the Sentencing Guideline range.

Humphrey did not appeal his sentence and conviction. In December 2019, he filed the instant motion under 28 U.S.C. §2255, seeking to vacate his § 924(c) conviction for brandishing a firearm during a crime of violence.

**Analysis**

The government first argues that Humphrey is barred from bringing this motion because he waived his collateral challenge rights in his plea agreement. The argument lacks merit. A waiver of appellate and collateral challenge rights is unenforceable "if the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). "A sentence is illegal if it . . . violates the Constitution." *Id.* Humphrey asserts that his conviction and sentence for the § 924(c) charge violate the Constitution based upon the decision in *Davis*. Thus, Humphrey's waiver of his collateral challenge rights does not bar his motion.

I agree, however, with the government that Humphrey procedurally defaulted this ground for relief. A defendant procedurally defaults on a claim that he could have raised, but did not

raise, in a direct appeal. The general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Humphrey cannot show cause or prejudice for his failure to appeal the issue whether his § 924(c) conviction violated the Constitution.

In his motion, Humphrey does not expressly offer any cause for his failure to appeal the constitutionality of his § 924(c) conviction. He notes that the Supreme Court decided *Davis* after his sentencing, and that *Davis* announced a new rule that was retroactively applicable to cases on collateral review. ECF No. 58 at 2. But Humphrey concedes that *Davis* was based on the same reasons the Supreme Court relied on in *Johnson v. United States,* 135 S.Ct. 2551 (2015), and in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which were decided before his sentencing. Humphrey could have appealed whether his § 924(c) conviction was unconstitutional for the reasons established in *Johnson* and *Dimaya*. Thus, he cannot show cause for failing to appeal.

Most importantly, the Ninth Circuit's recent decision in *Dominguez* establishes that Humphrey cannot show prejudice from his failure to appeal his § 924(c) conviction. Humphrey argues that a Hobbs Acts robbery cannot serve as a predicate crime of violence under the elements clause of § 924(c)(3). ECF No. 58 at 3. The Ninth Circuit recently reaffirmed that "Hobbs Act robbery is a crime of violence under the elements clause." *Dominguez*, 2020 WL 1684084, at *6. The Ninth Circuit expressly rejected the argument upon which Humphrey relies. "But even Hobbs Act robbery committed by placing a victim in fear of bodily injury is categorically a crime of violence under the elements clause, because it 'requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard.'" *Id.* at *7 (quoting *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017)). The Ninth

3

Circuit further adopted the Fourth Circuit's rejection of the argument that the threatened use of force against property was not a crime of violence:

> We also observe that both Section 924(c) and Hobbs Act robbery reference the use of force or threatened use of force against "property" generally, without further defining the term "property." . . . And neither provision draws any distinction between tangible and intangible property. Thus, we do not discern any basis in the text of either statutory provision for creating a distinction between threats of injury to tangible and intangible property for the purposes of defining a crime of violence.

*Id.* (quoting *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019)).

In light of the Ninth Circuit's *Dominguez* decision reaffirming that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c), Humphrey cannot meet his burden of showing prejudice from his failure to appeal. His claim is procedurally defaulted. And even if not defaulted, I would deny it on the merits based on *Dominguez*.

**Certificate of Appealability**

To appeal this order, Humphrey must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation and citation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010).

Based on the Ninth Circuit's recent *Dominguez* decision, reasonable jurists cannot debate whether I should have resolved the motion in a different way. I will thus deny Humphrey a certificate of appealability.

4

I THEREFORE ORDER that defendant Randy Humphrey's motion under 28 U.S.C. § 2255 **(ECF No. 58) is DENIED**.

I FURTHER ORDER that Humphrey's request for a certificate of appealability is DENIED.

I FURTHER ORDER the Clerk of Court to enter a separate civil judgment denying defendant Randy Humphrey's § 2255 motion. The Clerk shall file this order and the civil judgment in this case and in the related civil case number 2:19-cv-2067-APG.

DATED this 13th day of April, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE